{¶ 28} I concur with the majority except on the last assignment of error. The majority cites to State v. Sutherlin, ante, but fails to present or employ the very strict standard that case articulated: "We are convinced that Crim.R. 43(A)[1] provides a defendant in a criminal prosecution with an absolute right, subject to the provisions of Crim.R. 43(B), to be present at every stage of the trial, including the imposition of sentence. That right is so fundamental that we are compelled to hold that it cannot be removed except by a voluntary, intelligent and express waiver." Id., at 293. (Emphasis added.) That right includes the right to be present at the announcement of the verdict, as well as the sentence-both stages expressly specified in Crim.R. 43(B). If this right is absolute, I believe a plain error analysis is not appropriate.
 {¶ 29} In the case at bar, the transcript indicates that the judge changed the schedule and defendant's counsel was unable to reach defendant in time to notify him of the change. Defense counsel explained, without contradiction, "It's really no fault of his own that he is not here, judge." Defendant cannot be found to have waived his right to hear the verdict, when he was not there and therefore had no knowledge of what he was waiving. There was no "voluntary, intelligent and express waiver" of defendant's right to be present when the judge rendered the verdict.
 {¶ 30} Without a waiver, the announcement of a verdict cannot be delegated to defendant's attorney. A verdict, just like a sentence, is not a decision properly announced through the mail or a telephone call or even communicated through one's attorney in person. Such an announcement deserves a face-to-face confrontation in the formality of a courtroom.
 {¶ 31} The state observes, however, that the defendant has served his sentence. A check on the Department of Rehabilitation and Correction website confirms defendant has been released under post-release control. www.drc.state.oh.us. Post-release control is a restriction of defendant's freedom and is part of his sentence, which, here, rests upon a verdict improperly rendered. I believe the case should be remanded for a proper rendering of the verdict, if only to show that justice is not on an assembly line.
[1] Crim.R. 43(A) provides that the defendant shall be present "at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence" unless he is voluntarily absent or has engaged in disruptive conduct in the courtroom.